## CONRAD J. FRY

### *v.*

## ORLANDO B. BIDWELL.

GUARDIAN'S SALE — *notice of required.* Where the statute requires notice of the application of a guardian to sell real estate to be published in a newspaper at least once in each week for three successive weeks, or to be posted in three public places at least three weeks before the session of the court at which the application is to be made, it is sufficient if the notice is published for three successive weeks in a newspaper, and the first publication is made three weeks before the session of the court.

APPEAL from the Circuit Court of Stephenson county.

Mr. SMITH D. ATKIN, for the appellant.

Messrs. BARTON & BARNUM, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This is an appeal from an order of confirmation of a guardian's sale of real estate, where appellant was the purchaser.

The sole question is, whether the notice given by the guardian of his intended application for leave to sell the real estate, was published for a sufficient length of time.

The requirement of the statute is this: "Notice of such application shall be given to all persons concerned, by publication in some newspaper published in the county where the application is made, at least once each week for three successive weeks, or by setting up written or printed notices in three of the most public places in the county, at least three weeks before the session of the court at which such application shall be made."

The notice given by the guardian was, by publication in the Freeport *Journal*, a weekly newspaper, stating that on the third Monday of November, A. D. 1872, he would apply, etc.

The notice, as appears by the certificate of the publisher of the paper, was published in every issue of the paper, commencing October 23, 1872, and ending November 13, 1872. It was then published October 23d and 30th, and November 6th and 13th. The court sitting on the third Monday of November, convened on the 18th of that month.

Appellant's counsel contends, that if the notice is given by publication in a newspaper, the three successive weeks of such publication must be *completed*, at least three weeks before the session of the court at which the application is to be made; that is, that three weeks must intervene the *third* publication and the session of the court.

We look upon this as a forced and unnatural construction of the language of the act.

Two ways are provided of giving the notice:

First. It may be given by publishing in some newspaper, etc., "at least once each week for three successive weeks."

Second. It may be given by setting up written or printed notices, etc., "at least three weeks before the session of the court," etc.

The plain reading of the section seems to us to be, that all that is required where the notice is by publication is, that it should be at least once each week for three successive weeks; and that the clause, "at least three weeks before the session of the court," does not apply to such publication, but applies

only to the giving of the notice by setting up the written or printed notices. To give it the contrary construction contended for by appellant, it would read, notice shall be given by publication " at least once each week for three successive weeks, at least three weeks before the session of the court at which such application shall be made." Had the legislature intended that the third one of the three successive publications should be at least three weeks before the session of the court, we cannot think they would have adopted any such awkward form of phraseology as the above, but would have expressed such intention in plain and intelligible terms. When the notice is to be by " posting," there can be no question, that if the notices are posted up three weeks before the sitting of the court, that would be a sufficient notice. Could the legislature have intended that, if the notice is given by publication, it should be a *six* weeks' notice, twice as long as that by posting, thereby implying the setting up of written or printed notices the better form of notice ? We think not

The only room for any question, we think, is whether the space of three full weeks should not elapse from the first publication to the sitting of the court; as in this case, if the three successive publications had been October 30, November 6th and 13th, then, although it would have been published once in each week for three successive weeks, yet notice would not have been given for the space of three weeks before the session of the court, as the first publication would have been only nineteen days before the first day of the term. But that question does not arise here, as twenty-six days elapsed from the first publication to the sitting of the court. The judgment of the court below will be affirmed.

*Judgment affirmed.*